# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Niyaa Buncch, et al., | Case No. 2:25-cv-00660-GMN-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Southern Nevada Regional Housing Authority, et al., | |
| Defendants. | |

    Before this Court is pro se Plaintiff Niyaa Buncch's Second Motion/Application for Leave to Proceed *In Forma Pauperis* ("IFP"). ECF No. 16. This Court denied Plaintiff's first motion to proceed IFP because she did not use the correct form to disclose her income, assets, expenses, and liabilities as required by Local Special Rule ("LSR") 1-1. ECF No. 13. In her second motion, Plaintiff completed the correct application showing an inability to prepay fees and costs or give security for them as required by 28 U.S.C. § 1915(a) and in accordance with LSR 1-1. ECF No. 16. Her request to proceed IFP, therefore, will be granted.

    Accordingly, this Court may authorize the case to proceed against Defendants. *See* 28 U.S.C. § 1915(a).[1] When a plaintiff proceeds IFP, the Court "shall issue and serve all process." *Id.* § 1915(d); *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990) ("a party proceeding *in forma pauperis* is entitled to have the summons and complaint served by the U.S. Marshal.") (cleaned up).[2] Still, Plaintiff must complete and return a USM-285 form for each named defendant (here,

---

[1] Notwithstanding the fact that this Court is granting Plaintiff's IFP application and allowing the case to proceed, this Court "shall dismiss the case at *any time* if" it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

[2] Section 1915(d) dovetails with Rule 4, which provides that the court "must" order "that service be made by a United States marshal or deputy or by a person specifically appointed by the court" if the plaintiff is authorized to proceed IFP under § 1915. Fed. R. Civ. P. 4(c)(3).

1  Southern Nevada Regional Housing Authority, Orange County Housing Authority, and Atlas NV,
2  LLC), as instructed below.
3        In addition, Plaintiff is advised to review Federal Rule of Civil Procedure 4 as well as
4  other applicable legal authority. Fed. R. Civ. P. 4. Rule 4(h) governs service of a corporation,
5  partnership, or association, while Rule 4(j) governs service of a foreign, state, or local
6  government. *Id.*
7        **IT IS THEREFORE ORDERED** that Plaintiff's Second Motion/Application to Proceed
8  *In Forma Pauperis* (ECF No. 16) is **GRANTED**.
9        **IT IS FURTHER ORDERED** that the Clerk's Office send Plaintiff three blank copies of
10 form USM-285.
11       **IT IS FURTHER ORDERED** that Plaintiff shall have until June 13, 2025, to file the
12 required USM-285 forms on the docket. Plaintiff must fill in Defendants' last-known addresses
13 on the forms.
14       Once the Court receives the USM-285 forms, it will direct the Clerk's Office to issue
15 summonses for Defendants Southern Nevada Regional Housing Authority, Orange County
16 Housing Authority, and Atlas NV, LLC, using the addresses Plaintiff provided on the filed USM-
17 285 forms. At that time, this Court will also direct the Clerk's Office to send the U.S. Marshals
18 Service: a copy of this Order, the issued summonses, the USM-285 forms, three copies of the
19 operative complaint (ECF No. 1-1), and three copies of the Motion for Temporary Restraining
20 Order (ECF No. 10).

DATED: June 6, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE