**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Niyaa Buncch, et al., | Case No. 2:25-cv-00660-GMN-BNW |
| Plaintiffs, | |
| v. | **ORDER** |
| Southern Nevada Regional Housing Authority, et al., | |
| Defendants | |

Before this Court is Defendant Southern Nevada Regional Housing Authority's Motion to Stay Discovery. ECF No. 42. Plaintiff opposed. ECF No. 53. Defendant replied. ECF No. 62. The parties are familiar with the arguments. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order.

**I.    LEGAL STANDARD**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, many judges in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group,*

1   *LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the

2   following three requirements before the court will stay discovery pending a motion to dismiss:

3   (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must

4   be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at

5   the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will

6   be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to

7   "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing

8   the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc*., 278 F.R.D.

9   597, 603 (D. Nev. 2011).

10       This Court has found that the preliminary peek test can sometimes be problematic because

11   it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-

12   BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the

13   preliminary peek test as written (*i.e.*, the Court must be *convinced* after a superficial look at the

14   dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay

15   discovery being granted, and those are typically baseless cases. *Id.* at * 3–4. Since 2021, this

16   Court has espoused the view that a more workable analytical framework exists for determining

17   when motions to stay discovery should be granted. *Schrader v. Wynn Las Vegas, LLC*, 2021 WL

18   4810324 (D. Nev. Oct. 14, 2021). As a result, the test this Court considers (1) whether the

19   dispositive motion can be decided without further discovery, and (2) whether good cause exists to

20   stay discovery.

21       Good cause may be established using the preliminary peek test, but it may also be

22   established by other factors not related to the merits of the dispositive motion. For example, in

23   many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed.

24   R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will

25   result from discovery proceeding when a dispositive motion is pending. While good cause may be

26   established based on such non-merits-based considerations, the merits of the case may certainly

27   also play a role in the analysis. In some cases, the merits of the dispositive motion may influence

28   the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed.

R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc*., 364 F.3d 1057, 1063 (9th Cir. 2004).

**II.    ANALYSIS**

**A.  Whether the dispositive motion can be decided without further discovery**

At the outset, this Court agrees the pending motion to dismiss can be resolved without the need for discovery. Of note, Plaintiff does not contest this proposition.

**B.  Good cause**

Here, while this Court is not "convinced" after simply taking a peek at the motion to dismiss that Defendant will prevail as to all claims, it is persuaded in a way that affects its decision here. That is, this Court finds persuasive many of defendant's arguments regarding the sufficiency of Plaintiff's factual allegations and the identified jurisdictional deficiency.

In addition, Defendant explains it is a public agency with limited resources. Its argument regarding the cost of discovery is not particularly well developed, as Defendant simply states it will "involve the wide-ranging subpoenas and document requests targeting not just SNRHA, but third parties, other agencies, and potential nonparties" based on what it contends are nonsensical reasons. That, alone, is not enough to demonstrate good cause.

Nevertheless, the number of filings by Plaintiff in this case has indeed made this case unduly burdensome for Defendant to defend. Such filings include (starting from the time Defendant first appeared): (1) Motion in Support of Plaintiff's request for discovery based on defendant's failure to deny allegations of collusion, (2) two motions for Preliminary Injunction (together with supplements and a notice of redaction), (3) Notice of Defendant's Failure to Address Controlling Federal Law, HUD Rules, and PHA Obligations, (4) two supplements to her opposition to Defendant's Motion to Dismiss, and (5) most recently, a Notice of Newly

1  Discovered Evidence Regarding Conflict of Interest. Of note, all these filings took place in the
2  last two months.

3      Lastly, and equally important, Plaintiff ignores many of the arguments advanced by
4  Defendant, leaving them unaddressed and uncontested. *See* Local Rule 7-2(d). To the extent
5  Plaintiff is concerned that phone records and communications will be lost or purged, Rule 37(e)
6  and many cases address the obligation on Defendant to preserve relevant evidence. If in response
7  to a discovery request Defendant represents it no longer has specific information, Plaintiff is
8  always free to file the appropriate motion.

9                                                    ***

10     In sum, this Court is persuaded that many of Plaintiff's claims will be dismissed and that,
11  under Rule 1, it is more just and appropriate to stay discovery given the undue burden litigation
12  has imposed on Defendant. *Tradebay*, 278 F.R.D. at 603. Moreover, the only concerns Plaintiff
13  raises are already addressed by Rule 37(e) and existing case law.

14  **III.    CONCLUSION**

15     **IT IS ORDERED** that Defendant's motion to stay discovery (ECF No. 42) is
16  **GRANTED**.

17     **IT IS FURTHER ORDERED** that the hearing set for September 17, 2025, is
18  **VACATED.**

19     **IT IS FURTHER ORDERED** that the parties' Proposed Discovery Plan and
20  Scheduling Order will be due (if applicable) no later than 14 days after a decision on
21  Defendant's motion to dismiss.

22

23     DATED: August 27, 2025

24

25     _____
26     BRENDA WEKSLER
       UNITED STATES MAGISTRATE JUDGE
27

28