**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|  |  |
|---|---|
| Niyaa Buncch, et al., | Case No. 2:25-cv-00660-GMN-BNW |
| Plaintiffs, | **ORDER** |
| v. | |
| Southern Nevada Regional Housing Authority, et al., | |
| Defendants. | |

Plaintiff filed two service motions on the docket. ECF Nos. 129 and 130. The first is titled motion for leave to re-service of the Office of the Ex-officio Constable (ECF No. 129), and the second is titled renewed motion for alternate service on Defendants Karsaz Law, Chris Karsaz and Eric Newman (ECF No. 130). However, both motions are the exact same despite being titled differently on the docket. Both motions seek alternate service on Defendants Karsaz Law, Chris Karsaz and Eric Newman, and neither motion mentions the Office of the Ex-officio Constable. Accordingly, the motion for leave to re-service of the Office of the Ex-officio Constable (ECF No. 129) is denied without prejudice. To the extent Plaintiff wants to re-serve the Office of the Ex-officio Constable, she may file the appropriate motion.

As to Plaintiff's motion for alternate service, Karsaz law is a law office. It appears that Chris Karsaz and Eric Newman are attorneys at that office. Plaintiff seeks permission to effect alternative service on these three defendants by posting the summons and complaint on the front door of the law office, certified mail to the law office, and first-class mail to the law office.

Rule 4 of the Federal Rules of Civil Procedure establishes the methods for service of civil complaints filed in federal court. Federal Rule 4(e)(1) allows for service following the laws of the state in which the federal court is located. Under Nevada Rule of Civil Procedure 4.4(b)(1), a plaintiff may serve a party through alternative means if the methods of service provided for in Rules 4.2 (service within Nevada), 4.3 (service outside Nevada), and 4.4(a) (statutory service) are

impracticable. Under Rule 4.4(b)(2), a motion seeking an order for alternative service must provide affidavits, declarations, or other evidence demonstrating:

> (i) the due diligence that the plaintiff undertook to locate and serve the defendant; and
>
> (ii) the defendant's known, or last known contact information including address, phone numbers, email addresses, social media accounts, or other information used to communicate with the defendant . . .

The motion must also outline the proposed alternative service method and explain why it comports with due process. Nev. R. Civ. P. 4.4(b)(2)(B). Under Nevada Rule of Civil Procedure 4.4(b)(3), if the Court orders alternative service, the plaintiff must also make reasonable efforts to provide additional notice under Rule 4.4(d) and mail a copy of the summons and complaint as well as any order authorizing the alternative service to the defendant's last-known address. Nevada Rule of Civil Procedure 4.4(d) provides that, in addition to any other service method, the court may order a plaintiff to make reasonable efforts to provide additional notice of the commencement of the action by other methods like certified mail, telephone, voice message, email, social media, "or any other method of communication."

The alternative methods of service must comport with due process. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016. Due process requires that a defendant in a civil action be given notice of the action that is reasonably calculated to apprise the defendant of the pendency of the action and afford the defendant an opportunity to present his or her objection. *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 314 (1950).

Here Plaintiff filled out the USM-285 forms and directed that these three defendants be served at the law office located at 6276 South Rainbow Blvd. Ste 120, Las Vegas NV 89118. ECF 90. The Marshall's office attempted service three times, and each time the persons with whom they spoke (Penny and Greg) refused to accept service. *Id*.

1    Plaintiff has not demonstrated why service under Nev. R. Civ. P. 4.2 is impracticable.[1]

2    Starting with the individual attorneys, Nev. R. Civ. P. 4.2(a) requires either personal service on

3    the defendants or service at the defendants' dwelling place. Here, service on Penny or Greg would

4    not suffice (even if they had accepted service) as it does not constitute personal service or service

5    at the individuals' dwelling place.

6    Moving on to the law office, Nev. R. Civ. P. 4.4(c)(1) explains that a Nevada entity may

7    be served by delivering a copy of the summons and complaint to the registered agent, any officer

8    or director, or any manager of a manager-managed limited liability company. The same rationale

9    applies here: Penny and/or Greg likely do not fall under any of these categories.

10    As a result, Plaintiff's motion (ECF No. 130) is denied.

11    This Court will instruct the Clerk of Court to send her three blank copies of the USM -285

12    form. Plaintiff must fill in the forms and provide addresses that comply with the rules above. As

13    to the individuals, if she wishes the Marshal to attempt service, she must provide a last-known-

14    personal address for them on the USM-285 form.[2] As to the law office, Plaintiff should visit the

15    Nevada Secretary of state website and located the needed information for this law office. Once

16    that information is located, she must fill out the USM-285 in accordance with that information.[3]

17    **IT IS THEREFORE ORDERED** that Plaintiff's motions (ECF Nos. 129 and 130) are

18    DENIED without prejudice.

19    **IT IS FURTHER ORDERED** that the Clerk's Office send Plaintiff three blank copies of

20    form USM-285.

21    **IT IS FURTHER ORDERED** that Plaintiff shall have until January 12, 2026, to file the

22    required USM-285 forms on the docket. Plaintiff must follow the directions above when filling

23

24    ───────────────

25    [1] This Court assumes that the attorneys reside in Nevada given they work at a law office located
      in Nevada. Should they reside elsewhere, Nev. R. Civ. P. 4.3 might be at play and Plaintiff would

26    need to demonstrate why compliance with that rule is impracticable.

27    [2] If Plaintiff cannot find these individuals' personal addresses, she may move for alternative
      service at that time.

28    [3] If service cannot be effectuated in that manner, Plaintiff may for alternative service at that time.

out these forms. Once the Court receives the USM-285 forms, it will direct the Clerk's Office to issue summonses for Defendants Karsaz Law, Chris Karsaz, and Eric Newman using the addresses Plaintiff provided on the filed USM285 forms. At that time, this Court will also direct the Clerk's Office to send the U.S. Marshals Service: a copy of this Order, the issued summonses, the USM-285 forms, three copies of the operative complaint (ECF No. 78), and three copies of the Second Motion for Preliminary Injunction (ECF No. 86).

**IT IS FURTHER ORDERED** that the deadline for service upon these defendants is extended up to and including 60 days following the issuance of this order.

DATED: December 15, 2025

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE