**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Niyaa Buncch, et al., | Case No. 2:25-cv-00660-GMN-BNW |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION and ORDER** |
| Southern Nevada regional Housing Authority, et al., | |
| Defendants. | |

Before this Court is Plaintiffs' motion to amend her complaint. ECF No. 149. Plaintiffs also filed exhibits in support of that motion. ECF No. 150. Defendants Atlas Real Estate Group, Orange County Housing Authority, and Southern Nevada Regional Housing Authority opposed. ECF Nos. 161, 163, 165. Defendant Nutili Inc. joined Defendant Atlas' response. ECF No. 167. Plaintiffs replied. ECF Nos. 168, 169, 171, 172.

In addition, Plaintiffs filed a motion to extend deadlines. ECF No. 148. Defendant Southern Nevada Regional Housing Authority opposed, and Plaintiffs replied. ECF Nos. 164, 170.

The parties are familiar with the arguments. As a result, this Court only incorporates them as relevant to this order.

**I.      Background**

Plaintiffs allege there has pattern of misconduct by two public housing authorities (Orange County Housing Authority and Southern Nevada Regional Housing Authority) as well as others. Plaintiffs generally allege that Defendants engaged in discriminatory and retaliatory conduct in the administration of their housing assistance and tenancy. Accordingly, Plaintiffs contend Defendants violated federal civil rights, fair housing laws, and other regulations.

**II.      Motion to Amend**

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion

under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). Moreover, LR 15-1 requires that "the moving party…attach the proposed amended pleading to a motion seeking leave of the court to file an amended pleading."

This Court first notes that Plaintiffs did not attach a proposed second amended complaint.[1] On this ground, this Court recommends that the motion be denied. Without the proposed amended complaint, this Court cannot analyze all of the factors under Ninth Circuit law to determine if amendment would be appropriate. Specifically, this Court cannot analyze the futility factor, which played a large role in its previous order staying discovery. ECF No. 67. Preliminarily, there are significant questions regarding jurisdiction and venue. Beyond that, there are several other issues raised in the different motions to dismiss that could result in the dismissal of claims (i.e. whether Plaintiff has a private right of action to bring certain claims, whether financial status is protected status is a recognized category under the FHA, etc.). As a result, this Court will recommend that the motion to amend be denied.

### III.    Motion to extend deadlines.

Discovery in this matter has been stayed. ECF No. 67. This Court already ordered the parties to submit a new discovery plan and scheduling order after the motions to dismiss have been decided. *Id*. As a result, the request to extend deadline is denied as moot.

---

[1] The attached exhibits do not replace the need for Plaintiffs to attach a proposed second amended complaint.

**IV.     Conclusion and Recommendation**

**IT IS THEREFORE RECOMMENDED** that Plaintiffs' motion to amend (ECF No. 149) be **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' motion to extend deadlines (ECF No. 148) is **DENIED** as moot.

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: February 12, 2026

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE