# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

NIYAA BUNCCH, *et al.*,

                        Plaintiffs,

      vs.

SOUTHERN NEVADA REGIONAL
HOUSING AUTHORITY, *et al.*,

                  Defendants.

Case No.: 2:25-cv-00660-GMN-BNW

**ORDER GRANTING
MOTIONS TO DISMISS**

Pending before the Court is the Motion to Dismiss, (ECF No. 91), filed by Defendant Southern Nevada Regional Housing Authority ("SNRHA"). Plaintiff Niyaa Buncch filed a Response, (ECF No. 106), to which SNRHA replied, (ECF No. 131). Further pending before the Court is the Motion to Dismiss, (ECF No. 92), filed by Defendants Atlas NV, LLC, Beatriz Gordillo, Vanessa Zempoalteca, and Yessenia V. Cabrera (collectively "Atlas NV, LLC, *et al.*"). Plaintiff filed a Response, (ECF No. 104), to which Atlas NV, LLC, *et al.*, replied, (ECF No. 125). Further pending before the Court is the Motion to Dismiss, (ECF No. 100), filed by Defendant Orange County Housing Authority ("OCHA"). Plaintiff filed a Response, (ECF No. 137), to which OCHA replied, (ECF No. 144). Further pending before the Court is the Motion to Dismiss, (ECF No. 103), filed by Defendant Nutiliti Inc. Plaintiff filed a Response, (ECF No. 138), to which Nutiliti replied, (ECF No. 142). Further pending before the Court is the Motion to Dismiss, (ECF No. 114), filed by Defendant Findigs. Plaintiff filed a Response, (ECF No. 140), to which Findigs replied, (ECF No. 146). Further pending before the Court is the Motion to Dismiss, (ECF No. 126), filed by Defendant Atlas Real Estate Group, LLC. Plaintiff filed a Response, (ECF No. 145), to which Atlas Real Estate Group replied, (ECF No. 153).

For the reasons discussed below, the Court GRANTS SNRHA, Atlas NV, LLC, *et al.*, OCHA, and Atlas Real Estate Group, LLC's Motions to Dismiss.  Further, the Court DENIES as moot Nutiliti and Findigs's Motions to Dismiss.

## I.     BACKGROUND

This action arises from Defendants' alleged discriminatory conduct towards Plaintiffs Niyaa Buncch, Chloe Smoots, and minor M.G from 2022 to present. (*See generally* First Amend. Compl. ("FAC"), ECF No. 78).  Plaintiffs allege that each Defendant engaged in acts of discrimination, retaliation, neglect, and abuse of process which, taken together, stripped Plaintiffs of critical protections guaranteed under the Emergency Housing Voucher Program ("EHV"), violated the Fair Housing Act ("FHA"), Section 504 of the Rehabilitation Act ("RA"), and the Americans with Disabilities Act ("ADA"). (*Id.* at 5).  Plaintiffs also allege each Defendant disregarded U.S. Department of Housing and Urban Development ("HUD") regulations governing EHV administration, violated Nevada landlord tenant housing statutes, and conspired with The Ex Officio Constable's Office to violate Plaintiffs' due process rights under color of law in violation of 42 U.S.C. § 1983. (*Id.*).  Plaintiffs further allege that Defendants' collective conduct exposed Plaintiffs to financial coercion, unlawful privacy intrusions, and illegal eviction efforts carried out by Defendants to retaliate and harass Plaintiffs. (*Id.*).

In September 2025, the Court became aware of a related action in this District and ordered that the related action, Case No. 2:25-cv-00956-APG-DJA, be consolidated into this case, Case No. 2:25-cv-00660-GMN-BNW. (*See* Consolidation Order, ECF No. 72).  Because of the consolidation, the Court ordered Plaintiffs to file their FAC that combined the claims and parties into one consolidated complaint.  Defendants now move to dismiss the FAC for various reasons which the Court discusses below.

## II.    LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(2)

Federal Rule of Civil Procedure ("FRCP") 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2).  When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995). District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. 14.065; *Galatz v. Eighth Jud. Dist. Ct.*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum such that the "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 316 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Minimum contacts can give rise to either general or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir. 2000).  General jurisdiction exists where a defendant maintains "continuous and systematic" ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)).  Specific jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if those contacts are "isolated or sporadic." *Id.*

**B. Federal Rule of Civil Procedure 12(b)(5)**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Fed. R. Civ. P.] 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Murphy Bros. v. Mitchell Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").  Because Plaintiff originally filed his Complaint in state court, Defendant's Motion must be decided under Nevada law and thus the Court looks to the Nevada Rules of Civil Procedure ("NRCP"). *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993) (noting that "[t]he issue of the sufficiency of service of process prior to removal is strictly a state law issue"), *overruled on other grounds* by *California Dep't of Water Res. v. Powerex Corp.*, 53 F.3d 1087, 1091 (9th Cir. 2008).

When applying the NRCP, the Court may look to the corresponding federal rule for guidance. *Am. Home Assur. Co. v. The Eighth Judicial Dist. Ct. ex rel Cnty. Of Clark*, 147 P.3d 1120, 1238 n.28 (Nev. 2006).  In federal court, FRCP 4 governs the service of process.  When a party brings a motion to dismiss for insufficiency of service of process under FRCP 12(b)(5), the court may choose to dismiss the action or quash service. § 1354 Motions to Dismiss— Quashing Service of Process, 5B Fed. Prac. & Proc. Civ. § 1354 (4th ed.).  Courts have broad discretion to dismiss the action or quash service. *Id.*  However, the Court should be mindful that if the defendant likely can be served, quashing service avoids duplicative action on the part of the plaintiff. *Id.*  Thus, mindful that plaintiffs should not be denied their day in court because of a technical oversight, federal courts frequently retain the action and permit the plaintiff an opportunity to re-serve the plaintiff. *See Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363, 373 (1966) ("[T]he basic purpose of the Federal Rules is to administer justice through fair trials, not through summary dismissals.").

**C. Federal Rule of Civil Procedure 12(b)(6)**

Dismissal is appropriate under FRCP 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, FRCP 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant. . . undue prejudice to the opposing party by virtue of. . . the amendment, [or] futility of the amendment. . . ." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## III.   DISCUSSION

The Court addresses two preliminary matters before turning to the pending Motions to Dismiss and remaining pending motions.

### A. Preliminary Matters

First, Plaintiff Buncch files the FAC purporting to bring claims for herself and on behalf of her adult daughter Chloe Smoots, and her minor daughter M.G. "While a non-attorney may appear pro se on [her] own behalf, [she] has no authority to appear as an attorney for others than [herself]." *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (citation modified). Thus, courts routinely dismiss claims brought by pro se litigants on behalf of others. *See, e.g.*, *Brand v. Nevada*, No. 3:25-cv-00322-ART-CLB, 2025 WL 3022200, at *2 (D. Nev. Oct. 28, 2025) (explaining that "*Johns* remains controlling Ninth Circuit law"). This general prohibition extends to non-attorneys seeking to represent their minor children or other family members. *See Buran v. Riggs*, 5 F. Supp. 3d 1212, 1215–16 (D. Nev. 2014) (explaining that the Ninth Circuit has endorsed the Tenth Circuit's position that "'under [Federal Rule of Civil Procedure] 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney.'") (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))); *Edwards Family v. Clark Cnty*, No. 2:12-cv-01530-MMD, 2012 WL 5511667, at *5 (D. Nev. Nov. 14, 2012) ("[N]on-attorney Edwards may not pursue the matter *pro se* on behalf of other family members, whether individually or *in globo*.").

Plaintiffs attempt to cure this deficiency by stating in some of their responses to the pending Motions to Dismiss that "Plaintiffs Niyaa Buncch and Chloe Smoots bring this action on their own behalf, and Plaintiff Niyaa Buncch additionally brings this action on behalf of her minor daughter, M.G., as her legal guardian and next friend pursuant to Fed. R. Civ. P. 17(c)." (*See, e.g.*, Resp. to Atlas Real Estate Group 1:24–26, ECF No. 145). Moreover, Buncch and Smoots both sign some of the Responses. Additionally, Smoots filed a declaration attesting that she consents to, adopts, and affirms the FAC. (*See generally* Smoots Decl., ECF No. 101).

Plaintiffs' attempts to cure the deficiency fail for three reasons.  First, Bunnch cannot pursue this matter *pro se* on behalf of her minor daughter. *See Buran*, 5 F. Supp. 3d at 1215–16. Second, Plaintiffs cannot cure the deficiencies of the FAC by stating in Responses that Plaintiffs Niyaa Buncch and Chloe Smoots bring this action on their own behalf. *See, e.g., Riser v. Cent. Portfolio Control Inc.*, No. 3:21-CV-05238-LK, 2022 WL 2209648, at *4 (W.D. Wash. June 21, 2022), *aff'd*, No. 23-35502, 2024 WL 4707886 (9th Cir. Nov. 7, 2024); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal. 2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").  Third, Smoots's Declaration, (ECF No. 101), consenting to the allegations in the FAC does not cure how the FAC was alleged at the time of its filing. *See Belcastro v. Dzurenda*, No. 2:25-cv-01691-APG-BNW, 2025 WL 2644179, at *2 (D. Nev. Sept. 14, 2025) (holding that because pro se litigants cannot represent others "[i]nmates may not give 'signatory consent' to other pro se inmates to [litigate] cases for them.").  Because Buncch is not an attorney, nor represented by one, she lacks authority to assert claims on behalf of her children, M.G. and Smoots.  Thus, M.G. and Smoots's claims against the Defendants are DISMISSED.

Second, Plaintiffs were ordered to file an amended complaint that consolidated the claims and parties from Case No. 2:25-cv-00956-APG-DJA and Case No. 2:25-cv-00660-GMN-BNW into one operative complaint. (Consolidation Order 2:10–12).  The Court did not grant, and Plaintiffs did not request, leave to file an amended complaint that added new parties and new claims.  Despite this, Buncch pled a slew of new claims against the existing parties and added the following new parties to the FAC: Beatriz Gordillo, Vanessa Zempoalteca, Findigs, Conservice LLC, Nutiliti Inc., Rent Check Inc., and the Office of the Ex-officio Constable.  The addition of the new claims and parties is improper because when a court grants limited leave to amend, a plaintiff may not add additional claims or parties without seeking

further leave of court. *See* Fed. R. Civ. P. 15(a).  Because Buncch did not have leave of Court to add the new claims nor parties, the Court DISMISSES the new claims and parties.

### B. Motions to Dismiss

For the reasons discussed above, the Court need only address the parties' arguments for dismissal with respect to the properly consolidated claims and parties.

#### 1. Federal Rule of Civil Procedure 12(b)(2)

OCHA[1] and Atlas Real Estate Group[2] argue that the Court does not have personal jurisdiction over them under either general or specific jurisdiction. (OCHA Mot. Dismiss 10:4, ECF No. 100); (Atlas Real Estate Group Mot. Dismiss 10:17–18, ECF No. 126).  Buncch argues that the Court has specific jurisdiction over OCHA, so the Court need only conduct a specific jurisdiction analysis.[3]

Specific jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Specific jurisdiction must arise out of "contacts that the 'defendant himself' creates with the forum State" and cannot be established from the conduct of a plaintiff or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).

Courts employ a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

---

[1] OCHA is public corporation created pursuant to the California Housing Authorities Law, California Health & Safety Code §§ 34200-34380.  OCHA is headquartered in Santa Ana, California.  OCHA is organized within the organizational structure of the County of Orange, with the County Board of Supervisors serving as the Board of Commissioners for OCHA. (Munoz Decl. ¶ 4, Ex. 1 to OCHA Mot. Dismiss, ECF No. 100-1).

[2] Atlas Real Estate Group, LLC is an LLC organized under the laws of the State of Colorado. (Atlas Real Estate Group's Certificate of Interested Parties, ECF No. 127).

[3] Because Buncch does not argue that the Court has general jurisdiction over OCHA, the Court need not conduct a general jurisdiction analysis. *See* LR 7-2(d).  Moreover, Buncch fails to respond to any personal jurisdiction argument raised by Atlas Real Estate Group which the Court addresses below.

1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

2) the claim must be one which arises out of or relates to the defendant's forum related activities; and

3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.* "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

In evaluating the first prong, the Ninth Circuit typically distinguishes between cases sounding in contract and those sounding in tort. *Id.* In contract actions, the inquiry considers whether a defendant "purposefully avails itself of the privilege of conducting activities or consummates a transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006) (citation modified). In tort cases, the inquiry assesses whether the defendant "purposefully directs his activities at the forum state." *Id.* (citation modified). Because the claims against the parties arise out of tort law, the Court applies the "purposeful direction" test for the first *Schwarzenegger* prong.

The purposeful direction test, based on *Calder v. Jones*, 465 U.S. 783 (1984), requires Buncch to establish that OCHA and Atlas Real Estate Group "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069

(9th Cir. 2017).  If these elements are met, a court can exercise jurisdiction "even if the defendant never set foot in the forum state." *Burri L. PA v. Skurla*, 35 F.4th 1207, 1213 (9th Cir. 2022).  An action may be directed at a forum state even if it occurred elsewhere. *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017).

Beginning with OCHA, as to prong one, Buncch argues that "OCHA authored [and] transmitted a policy letter, [and] engaged in related administrative actions governing Plaintiffs' disability accommodations and EHV processing for use by SNRHA in Nevada." (Resp. to OCHA 4:8–10, ECF No. 137).  But Buncch provides no evidence to support her arguments, nor does she provide any points and authorities to establish that these allegations give rise to personal jurisdiction. *See* LR 7-2(d).  It is Buncch's burden to satisfy the first two prongs of the *Schwarzenegger* test, and she fails to establish even the first one.  Because Bunnch fails to establish the first *Schwarzenegger* prong, she has likewise failed to establish that this Court has specific jurisdiction over OCHA. *Id.*

As to Atlas Real Estate Group, Buncch fails to respond to any of Atlas Real Estate Group's arguments regarding personal jurisdiction.  It is Buncch's burden to establish the first two *Schwarzenegger* prongs and by failing to respond to Atlas Real Estate Group's FRCP 12(b)(2) arguments, she wholly fails to meet her burden.  Accordingly, Bunnch fails to establish that this Court has personal jurisdiction over Atlas Real Estate Group. *See* LR 7-2(d).

Thus, OCHA and Atlas Real Estate Group's Motions to Dismiss are GRANTED and they are DISMISSED as parties without prejudice so that Buncch may pursue claims against them in the proper forum if she so wishes.

### 2.  Federal Rule of Civil Procedure 12(b)(5)

Defendants Atlas NV, LLC and Yessenia Cabrera move to dismiss the FAC arguing that Buncch failed to effectuate service against them when the FAC was left at an improper address. (Atlas NV, *et al.* 4:19–20, ECF No. 92).  Once service is challenged via a Rule 12(b)(5) motion

to dismiss, the plaintiff bears the burden of proving that service was valid. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Buncch has not met that burden.

Rule 4 requires a plaintiff to complete personal service of the summons and complaint to a corporation. Fed. R. Civ. P. 4(d), (e), (h). A corporation may be served by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner that individuals are served pursuant to Rule 4(e)(1). Fed. R. Civ. P. 4(h). Nevada law requires personal service of the summons and complaint to corporations by any of the personal delivery methods authorized in the Federal Rules, but not regular or certified mail. Nev. R. Civ. P. 4(d)(1), (6); NRS 14.020. Moreover, Rule 4 requires an individual be served by following state law for serving a summons on an individual or by "delivering a copy of the summons and of the complaint to the individual personally," "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," or "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e).

Buncch attempted to serve Atlas NV, LLC, a corporation, and Yessenia Cabrera, an individual, by having the US Marshal Service leave copies of the summons and FAC at 8275 S. Eastern Ave., #200, Las Vegas, Nevada 89123. This address is merely a mail drop that Atlas NV, LLC uses to receive rent payments. Atlas NV, LLC states that there are no employees at this address. Moreover, the summons and FAC were not personally served to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process on behalf of Atlas NV, LLC. Additionally, the summons and FAC were not delivered to Cabrera personally, nor was a copy of each left at Cabrera's dwelling or usual place of abode with someone of suitable age and discretion who resides there, nor was it delivered to an agent authorized by appointment or by law to receive service of process on

behalf of Cabrera.  Because Atlas NV, LLC nor Cabrera have been properly served, the Court does not have jurisdiction over them.

Having concluded that service was insufficient, the Court must decide whether to dismiss Atlas NV, LLC and Cabrera or quash service and grant Buncch an opportunity to serve. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).  "Given Plaintiff's pro se status, dismissal is too harsh a remedy at this stage." *Fuentes v. Nat'l Tr. Co. Deutsche Bank*, No. 22-cv-04953-BLF, 2023 WL 2278701, at *4 (N.D. Cal. Feb. 27, 2023).  The Court finds it appropriate to quash service and grant Buncch 60 days to serve Atlas NV, LLC and Cabrera.  Accordingly, Atlas NV, LLC and Cabrera's Motion to Dismiss is GRANTED. Because the Court grants Buncch leave to amend her FAC for the reasons discussed below, the Court grants Buncch 60 days to obtain proper process and complete service on Atlas NV, LLC and Cabrera after the Second Amended Complaint is filed.

### 3.  Federal Rule of Civil Procedure 12(b)(6)

The only remaining Motion to Dismiss for the Court to address is SNRHA's.  The Court addresses SNRHA's arguments for dismissal as they apply to the claims properly before the Court.

### a.  Fair Housing Act Claims

Buncch alleges that SNRHA violated 42 U.S.C. § 3604(f) and 42 U.S.C. § 3617. SNRHA moves to dismiss this claim for failure to state a claim.  The FHA makes it unlawful to "discriminate against any person . . . in the provision of services or facilities in connection with [his] dwelling, because of a [disability]" of that person or any person associated with that person. 42 U.S.C. § 3604(f)(2).  Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [a person with a disability] equal opportunity to use and enjoy a dwelling. . . ." 42 U.S.C. § 3604(f)(3)(B); 24 C.F.R. § 100.204.  "The reasonable accommodation inquiry is

highly fact-specific, requiring case-by-case determination." *United States v. California Mobile Home Park Mgmt. Co.,* 107 F.3d 1374, 1380 (9th Cir. 1997) (citations omitted).

To prevail on a claim under 42 U.S.C. § 3604(f)(3), a plaintiff must prove all of the following elements: "(1) that the plaintiff or his associate is [a person with a disability] within the meaning of 42 U.S.C. § 3602(h)"; (2) "that the defendant knew or should reasonably be expected to know of the [disability]"; (3) "that accommodation of the [disability] may be necessary to afford the [person with a disability] an equal opportunity to use and enjoy the dwelling"; (4) "that the accommodation is reasonable"; and (5) "that defendant refused to make the requested accommodation."  Moreover, under 42 U.S.C. § 3617, it is "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section . . . 3604 of this title."

Here, Buncch fails to demonstrate that she is a qualified individual with a disability under the FHA.  She merely states that she is a person with disabilities as defined under the FHA (42 U.S.C. § 3602(h)). (FAC ¶ 1).  She further states that she has documented physical and mental impairments that substantially limit major life activities. (*Id.*).  But these assertions are legal conclusions, not factual allegations.  Although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555.  Thus, Buncch's FHA claims against SNRHA are dismissed.  But because it is not clear that amendment would be futile, the Court grants Buncch leave to amend her FHA claims.

### b.  Rehabilitation Act and ADA Claims

Buncch alleges that SNRHA violated § 504 of the RA, 29 U.S.C. § 794.  Buncch also alleges that SNRHA violated ADA Title II, 42 U.S.C. § 12132.  SNRHA moves to dismiss

these claims for failure to state a claim. Title II of the ADA and § 504 of the RA both prohibit discrimination on the basis of disability. *See* 42 U.S.C. § 12132; *see also* 29 U.S.C. § 794(a). "The ADA applies only to public entities, whereas the RA proscribes discrimination in all federally-funded programs." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002)

"To establish a violation of Title II of the ADA, a plaintiff must show that (1) she is a qualified individual with a disability; (2) she was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of her disability." *Id.* To establish a violation of § 504 of the RA, a plaintiff must show that (1) "she is [a person with a disability] within the meaning of the RA; (2) she is otherwise qualified for the benefit or services sought; (3) she was denied the benefit or services solely by reason of her [disability]; and (4) the program providing the benefit or services receives federal financial assistance." *Id.*

Here, Buncch fails to demonstrate that she is a qualified individual with a disability under either the ADA or the RA. She merely states that she is a person with a disability as defined under the Americans with Disabilities Act (42 U.S.C. § 12102) and § 504 of the Rehabilitation Act (29 U.S.C. § 705(20)). (FAC ¶ 1). She further states that she has documented physical and mental impairments that substantially limit major life activities. (*Id.*). But these assertions are legal conclusions, not factual allegations. Although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. Thus, Buncch's ADA and RA claims against SNRHA are dismissed. But because it is not clear that amendment would be futile, the Court grants Buncch leave to amend her ADA and RA claims.

### c. Violation of 42 U.S.C. § 1983/*Monell* Liability

SNRHA moves to dismiss Buncch's § 1983/*Monell* claim for failure to state a claim. Section 1983 actions involve the "deprivation of any rights, privileges, or immunities secured

by the Constitution and laws." 42 U.S.C. § 1983.  Under *Monell*, municipalities can be sued directly under § 1983 for violations of statutory or constitutional rights. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978).  To impose *Monell* liability on a municipality under § 1983, a plaintiff must demonstrate that (1) he was deprived of a statutory or constitutional right; "(2) the municipality had a policy; (3) the policy amounts to deliberate indifference to [the plaintiff's] constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon v. Cnty. of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citing *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

As discussed above, Buncch fails to plead that SNRHA violated any statutory or constitutional right.  Therefore, her § 1983/*Monell* liability claim likewise fails because she cannot satisfy the first element of a *Monell* claim.  Thus, this claim is dismissed.  But because it is not clear that amendment would be futile, the Court grants Buncch leave to amend her § 1983/*Monell* liability claim.

### d.  HUD EHV Rule Violation Claim

Buncch alleges that SNRHA violated 24 C.F.R. § 982.355 and § 982.54(d)(2).  SNRHA moves to dismiss this claim, in part, because HUD notices do not create enforceable rights. (SNRHA Mot. Dismiss 17:17–18, ECF No. 91).  Regulations, on their own, do not provide a private right of action. *See Save Our Valley v. Sound Transit*, 335 F.3d 932, 938 (9th Cir. 2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations.").  Thus, this claim is DISMISSED with prejudice because amendment would be futile.

In sum, SNRHA's Motion to Dismiss is GRANTED.

### C. Remaining Pending Motions

The Court now addresses the remaining pending motions.

Because Buncch filed a subsequent First Amended Complaint, (ECF No. 78), the Motion to Dismiss, (ECF No. 28), filed by Defendant Southern Nevada Regional Housing Authority is DENIED as moot.

Because Buncch fails to demonstrate she is likely to succeed on her claims as pled against SNRHA in the SAC, her Motion for Temporary Restarting Order, (ECF No. 10), and Motions for Preliminary Injunction, (ECF Nos. 38, 54), against SNRHA are DENIED. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Because the Court does not have jurisdiction over NV Atlas, LLC because service was not effectuated against it, Buncch's Motion for Preliminary Injunction, (ECF No. 86), and Motion for Temporary Restraining Order, (ECF No. 175), against NV Atlas, LLC, are DENIED. *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir.1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Buncch also filed several supplements to various filings without leave of Court. *See* LR 7-2(g).  The following docket entries are therefore STRICKEN: ECF Nos. 48, 49, 50, 57, 111, 121, 123.

Because the Court *sua sponte* strikes Buncch's supplemental filings, Atlas NV, LLC and Cabrera's Motion to Strike, (ECF No. 134), is DENIED as moot.

Because the Court finds Buncch's surreply to Atlas NV, LLC and Cabrera's Motion to Dismiss unnecessary to resolve the Motion to Dismiss, the Motion for Leave to File Surreply, (ECF No. 133), is DENIED as moot.

Because the Court finds Buncch's surreply to SNRHA's Motion to Dismiss unnecessary to resolve the Motion to Dismiss, the Motion for Leave to File Surreply, (ECF No. 139), is DENIED as moot.

Because the Court grants Buncch leave to amend pursuant to the limitations addressed in this Order, the Motion for Leave to File Amended Complaint, (ECF No. 149), is DENIED as moot. And because the Motion for Leave to File Amended Complaint is moot, the Court REJECTS as moot, Magistrate Judge Weksler's related Report and Recommendation, (ECF No. 174).

Because Buncch's Supplemental Motion in Support of Plaintiffs' Request for Discovery, (ECF No. 37), appears to be related to the original, non-operative Complaint, the motion is DENIED as moot.

Buncch objects to Magistrate Judge Weksler's order staying discovery because Buncch argues that the stay prevents her from obtaining evidence necessary to prove her claims. The Court has reviewed the Magistrate Judge's decision *de novo* and affirms her decision to stay discovery in this matter. Accordingly, Buncch's Objection/Appeal, (ECF No. 71), is DENIED.

Buncch states that she inadvertently filed exhibits that contain the full name of her minor daughter. For compelling reasons, and because Buncch filed redacted versions on the docket, (ECF Nos. 45, 46), her Motion to Seal Exhibit D and Exhibit E to ECF No. 38, and Exhibit K to ECF No. 43 is GRANTED.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Buncch's Motion for Temporary Restraining Order, (ECF No. 10), is **DENIED**.

**IT IS FURTHER ORDERED** that Southern Nevada Regional Housing Authority's Motion to Dismiss, (ECF No. 28), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Buncch's Supplemental Motion in Support of Plaintiffs' Request for Discovery, (ECF No. 37), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Buncch's Motions for Preliminary Injunction, (ECF Nos. 38, 54, 86), are **DENIED**.

**IT IS FURTHER ORDERED** that Buncch's Motion to Seal, (ECF No. 44), is **GRANTED**. The Clerk of Court is kindly directed to seal Exhibit D and Exhibit E to ECF No. 38, and Exhibit K to ECF No. 43.

**IT IS FURTHER ORDERED** Buncch's Objection/Appeal, (ECF No. 71), is **DENIED**.

**IT IS FURTHER ORDERED** that Southern Nevada Regional Housing Authority's Motion to Dismiss, (ECF No. 91), is **GRANTED**.

**IT IS FURTHER ORDERED** that Atlas NV, LLC and Cabrera's Motion to Dismiss, (ECF No. 92), is **GRANTED** to the extent they seek dismissal under FRCP 4. Because the Court grants Buncch leave to amend her FAC, the Court grants Buncch 60 days to obtain proper process and complete service on Atlas NV, LLC and Cabrera after the Second Amended Complaint is filed.

**IT IS FURTHER ORDERED** that Orange County Housing Authority's Motion to Dismiss, (ECF No. 100), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Orange County Housing Authority is **DISMISSED** as a party without prejudice so that Buncch may pursue claims against it in the proper forum if she so wishes.

**IT IS FURTHER ORDERED** that the following parties are **DISMISSED** without prejudice for Buncch's failure to seek leave of court before adding them as parties in the FAC: Beatriz Gordillo, Vanessa Zempoalteca, Findigs, Conservice LLC, Nutiliti Inc., Rent Check Inc, and the Office of the Ex-officio Constable.

**IT IS FURTHER ORDERED** that Nutiliti, Inc.'s Motion to Dismiss, (ECF No. 103), is **DENIED as moot** because it is no longer a party to this action.

**IT IS FURTHER ORDERED** that Findigs Motion to Dismiss, (ECF No. 114), is **DENIED as moot** because it is no longer a party to this action.

**IT IS FURTHER ORDERED** that Atlas Real Estate Group's Motion to Dismiss, (ECF No. 126), is **GRANTED** to the extent it seeks dismissal under FRCP 12(b)(2). Atlas Real

Estate Group is **DISMISSED** as a party without prejudice so that Buncch may pursue claims against it in the proper forum if she so wishes.

**IT IS FURTHER ORDERED** that Buncch's Motion for Leave to File Surreply, (ECF No. 133), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the following supplements are **STRICKEN**: ECF Nos. 48, 49, 50, 57, 111, 121, 123.

**IT IS FURTHER ORDERED** that Atlas NV, *et al.*'s Motion to Strike ECF No. 121, (ECF No. 134), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Buncch's Motion for Leave to File Surreply, (ECF No. 139), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Buncch's Motion for Leave to File Amended Complaint, (ECF No. 149), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Magistrate Judge Weksler's related Report and Recommendation, (ECF No. 174) is **REJECTED as moot**.

**IT IS FURTHER ORDERED** that Buncch's Motion for Temporary Restraining Order, (ECF No. 175), is **DENIED**.

**IT IS FURTHER ORDERED** that Buncch and Smoots have 21 days from the date of this order to file a Second Amended Complaint.  If they wish to add more claims and/or additional defendants than originally brought prior to consolidation, then they must first file a Motion for Leave pursuant to LR 15-1.

**DATED** this ___23___ day of February, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court