**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

Niyaa Buncch,

Plaintiff,

v.

Southern Nevada Regional Housing Authority; Atlas NV, LLC,

Defendants.

Case No. 2:25-cv-00660-GMN-BNW

**ORDER**

Before this Court is Plaintiff's motion for appointment of counsel. ECF No. 220. For the reasons discussed below, this motion is denied.

## I. LEGAL STANDARD

Civil litigants do not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). In very limited circumstances, however, federal courts may request an attorney to represent an indigent civil litigant. For example, courts have discretion under 28 U.S.C. § 1915(e)(1) to request that an attorney represent indigent civil litigants upon a showing of "exceptional circumstances." *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The circumstances in which a court will make such a request are exceedingly rare. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 799-800 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

To determine whether the "exceptional circumstances" necessary for appointment of counsel are present, the court evaluates (1) the likelihood of plaintiff's success on the merits and (2) the plaintiff's ability to articulate his claim pro se "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn*, 789 F.2d at 1331). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331. It is within the court's discretion whether to request that an attorney represent an indigent civil litigant under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

## II. ANALYSIS

### a. Plaintiff's Request for Stay is Moot

As a preliminary matter, ECF No. 220 improperly requests multiple forms of relief. Under Local Rule IC 2-2(b), a separate document must be filed for each type of relief requested. Plaintiff's motion for appointment of counsel also seeks a stay of her response deadline to the motion to dismiss at ECF No. 217. ECF No. 220 at 1. Two days after this deadline, Plaintiff simultaneously filed her response and a motion to deem her response timely. ECF Nos. 235, 236. Because the District Judge's ruling on ECF No. 236 will resolve whether Plaintiff's response is accepted, this Court denies ECF No. 220 to the extent it seeks a stay of her response deadline. Plaintiff's request for appointment of counsel will be addressed below.

### b. Plaintiff Fails to Demonstrate Exceptional Circumstances

Plaintiff must demonstrate exceptional circumstances as defined in *Agyeman*. This Court first considers the likelihood of Plaintiff's success on the merits of her case. *Agyeman*, 390 F.3d at 1103. In its minute order at ECF No. 213, this Court directed Plaintiff to file a second amended complaint in accordance with the District Judge's ruling at ECF No. 179. Plaintiff was also prohibited from adding more claims and/or additional defendants than originally brought prior to consolidation. ECF No. 213.

While it is early at this stage to evaluate the likelihood of success on the merits of Plaintiff's claims, a brief review of her second amended complaint indicates that she has attempted to cure the deficiencies identified by the District Judge at ECF No. 179. This fact, however, cuts against the second *Agyeman* factor; Plaintiff has demonstrated an ability to articulate her claims and litigate her case without counsel. Considering these factors together, this Court exercises its discretion and denies Plaintiff's motion for appointment of counsel.

/ / /

/ / /

/ / /

/ / /

/ / /

## III. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion for appointment of counsel (ECF No. 220) is **DENIED** without prejudice.

DATED: August 25, 2026

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE